IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROGELIO CRUZ, JR., § | | |
| Plaintiff, § | | |
| V. § | | |
| § | | |
| WILLIAMSON COUNTY, TEXAS; § | A-25-CV-1377-RP-ML | |
| WILLIAMSON COUNTY SHERIFF'S § | | |
| OFFICE; WILLIAMSON COUNTY § | | |
| ATTORNEY'S OFFICE; AND DOES 1– § | | |
| 10, § | | |
| Defendants. § | | |

ORDER ON *IN FORMA PAUPERIS* STATUS AND
REPORT AND RECOMMENDATION ON THE MERITS OF THE CLAIMS

TO THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the court is Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 10). Because Plaintiff is requesting permission to proceed *in forma pauperis*, this court must review and make a recommendation on the merits of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e).

I. **REQUEST TO PROCEED *IN FORMA PAUPERIS***

The court has reviewed Plaintiff's financial affidavit and determined Plaintiff is indigent and should be granted leave to proceed *in forma pauperis*. Accordingly, the court hereby **GRANTS** Plaintiff's request for *in forma pauperis* status. The Clerk of the Court shall file the complaint without payment of fees or costs or giving security therefor pursuant to 28 U.S.C. §

1915(a). This indigent status is granted subject to a later determination the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). Plaintiff is further advised, although Plaintiff has been granted leave to proceed *in forma pauperis*, a court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

As stated below, this court has made a § 1915(e) review of the claims made in this complaint and is recommending Plaintiff's claims be dismissed without prejudice under 28 U.S.C. § 1915(e). Therefore, service upon Defendants should be withheld pending the District Court's review of the recommendations made in this Report. If the District Judge declines to adopt the recommendations, then service should be issued at that time upon Defendants.

## II. REVIEW OF THE MERITS OF THE CLAIM

### A. Factual Background

Plaintiff identifies the above-named Defendants but Plaintiff provides few to no facts to assist the court in understanding the basis of Plaintiff's claims. For instance, Plaintiff describes a traffic stop that occurred on May 31, 2025, but it is unclear whether Plaintiff was charged with an offence and, if so, whether those charges have been adjudicated, and, if so, the result. *See* Dkt. 1 (Compl.) ¶ 9. It is also unclear whether Plaintiff's other factual allegations are related to that traffic stop or whether Plaintiff is complaining of other unrelated interactions with Williamson County. Additionally, Plaintiff states he "explicitly invoked ADA protections due to disability but was met with threats, coercion, and denial of accommodations," but he does not state what accommodations were needed, why they were needed, or how the denial of accommodations affected him. *See id.* ¶¶ 11, 14. Additionally, he alleges Williamson County "engaged in

discovery obstruction, misrepresentations, and premature closure of records requests," but it is unclear what material was requested and to what case these requests related. *See id*. ¶ 12. Further, it is unclear whether any court has made any rulings on these requests. Finally, Plaintiff also does not describe what role the Doe Defendants have in Williamson County.

Accordingly, the court ordered Plaintiff to file a document entitled "More Definite Statement" to provide support for the allegations against Defendants by simply stating, in Plaintiff's own words:

   (1) What specific acts Defendants did that violated Plaintiff's rights;

   (2) The dates of those violations;

   (3) How those violations specifically impacted Plaintiff;

   (4) A description of the Doe Defendants; and

   (5) Any other information that Plaintiff considers important to this case.

Dkt. 16. Plaintiff's More Definite Statement was due November 25, 2025. Dkt. 16. Plaintiff was warned that failure to comply would result in dismissal of his claims for want of prosecution. Dkt. 16.

On December 3, 2025, Plaintiff filed three documents. First, Plaintiff filed an "Emergency Motion to Correct the Record Nunc Pro Tunc, to Reinstate Docketed ADA Filing, and to Halt Unlawful Pacer Charges while IFP is Pending." Dkt. 18. He also filed an "Emergency Motion for Immediate Discovery, Preliminary Injunction, and Appointment of Special Master." Dkt. 19. Finally, he filed an "Emergency Motion to Compel Agency Action Wrongfully Withheld, for Preliminary Injunction, and for Protective Order." Dkt. 20.

In these filings, he complains about prior court rulings; being charged PACER fees; treatment by the Clerk's Office related to electronic filing; financial disputes with American

Express and Square/Block; seeks an order compelling the USDA Farm Service Agency to act on an application for a disaster loan, an injunction against American Express, and a correction of alleged docketing issues.

### B.     Standard of Review

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the court is required by statute to review the Complaint. Section 1915(e)(2) provides in relevant part that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, (1989); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." *Id.* at 327–28.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 20–21 (1972). However, *pro se* status does not offer a plaintiff an "impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### C.     Discussion

First, the court notes that the Williamson County Sheriff's Office and the Williamson County Attorney's Office are not separate legal entities from Williamson County, Texas that can be sued.

4

Second, the court put Plaintiff on notice that it did not understand the basis of his claims against Williamson County and ordered him to further explain his claims. Instead of complying with that order, Plaintiff filed documents related to financial difficulties he is having with both federal and private lenders.[1] These filings do not have any relation to the claims made in his Complaint and do not help the court understand his claims against Williamson County, Texas.

Plaintiff has not sufficiently pleaded any factual basis for the court to understand his claims against Williamson County, Texas. Accordingly, the undersigned will recommend that his Complaint be dismissed as factually frivolous.

### III.    ORDER AND RECOMMENDATIONS

The Magistrate Judge hereby **GRANTS** Plaintiff's Application to Proceed *In Forma Pauperis* (Dkt. 10). The Magistrate Judge **RECOMMENDS** the District Judge **DISMISS WITHOUT PREJUDICE** Plaintiff's cause of action pursuant to 28 U.S.C. § 1915(e)(2)(B).

The referral of this case to the Magistrate Judge should now be **CANCELED**.

### IV.    WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party

---

[1] The court notes that earlier filings Plaintiff made in this case also relate to financial loan and credit issues. *See, e.g.,* Dkts. 3, 6, 8. These filings do not have any relation to the allegations made in his Complaint.

from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  See 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED December 4, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE