IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROGELIO CRUZ, JR., | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:25-CV-1377-RP |
| WILLIAMSON COUNTY, TEXAS, et al., | § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Mark Lane pursuant to 28 U.S.C. § 1915(e) concerning Plaintiff Rogelio Cruz, Jr.'s Complaint, (Dkt. 1), and Plaintiff's other pending motions. (R. & R., Dkt. 21; Pending Mots., Dkts. 18–20, 23). In accordance with 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Lane issued his Report and Recommendation on December 4, 2025. (*Id.*). Plaintiff filed objections to the Report and Recommendation on December 5, 2025, and additional objections on December 18, 2025, which included a petition for writ of mandamus. (Objs., Dkt. 22; Objs. and Pet., Dkt. 23).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Because Plaintiff objected to each portion of the report and recommendation, the Court reviews the report and recommendation *de novo*. Having done so and for the reasons given in the report and recommendation, the Court overrules Plaintiff's objections and adopts the report and recommendation as its own order. Plaintiff's Complaint, (Dkt. 1), will be dismissed without prejudice.

1

However, in light of the Fifth Circuit's instruction that *pro se* plaintiffs should be given a chance to amend their complaint before dismissing the case, the Court will allow Plaintiff **one more opportunity** to replead his case. *See Okorie v. Univ. Mall, L.L.C.*, No. 25-60185, 2025 WL 2604468, at *3 (5th Cir. Sept. 9, 2025). The Court reminds Plaintiff that the live complaint in this case is docketed at ECF No. 1, dated September 4, 2025, and lists as defendants Williamson County, Texas, Williamson County Sheriff's Office, Williamson County Attorney's Office, and Does 1-10. (Compl., Dkt. 1). Plaintiff's amended complaint should include **detailed facts** about the alleged unlawful search and seizure and alleged disability discrimination. He must provide support for these allegations by telling the Court, in plain language:

(1) What specific acts occurred that Plaintiff believes constituted an illegal search and subsequent illegal seizure, and who was involved in these actions;

(2) What date and where the alleged illegal search and seizure occurred;

(3) How Plaintiff was injured or harmed by these acts;

(4) What specific acts occurred that Plaintiff believes constituted violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act, when these acts occurred, and which Defendants were involved in these acts;

(5) Why Plaintiff has a "disability" as defined by the ADA and Rehabilitation Act, meaning why he has a "physical or mental impairment that substantially limits one or more [of his] major life activities" or is "regarded as having such an impairment";[1]

(6) Who the "Doe Defendants" are, in as much detail as possible; and

(7) Any other information that Plaintiff considers important to this case.

Plaintiff must follow the above instructions even if he believes prior filings already include this information. The pleading shall not exceed **twenty pages**. Plaintiff should **avoid lengthy citations**

---

[1] It is not sufficient for Plaintiff to allege that he is a 100% disabled retired veteran. The standard for "disability" under the ADA and Rehabilitation Act is different than the standard imposed by the Veterans Administration rating system. *See Burns v. Nielsen*, 456 F. Supp. 3d 807, 825 (W.D. Tex. 2020); 42 U.S.C. § 12102(1)(A)–(C) (providing the definitions of "disability" under the ADA); 29 U.S.C. § 705(9)(B) (incorporating the definition of "disability" into the Rehabilitation Act).

2

**to case law**; the alleged facts are the focus at this stage of the litigation. Plaintiff may attach exhibits that he believes are necessary to support his allegations, but he is not required to do so. The Court will only consider exhibits attached to the amended complaint and will not review exhibits attached to previously filed documents.

Once Plaintiff has filed his amended complaint, the Court will again undertake review under 28 U.S.C. § 1915(e). If he fails to file an amended complaint, the Court will dismiss this case for failure to prosecute.

Finally, the Court will deny each of Plaintiff's remaining pending motions, (Dkts. 18, 19, 20, 23). Each of these motions argues that certain documents are missing from the record. As stated above, Plaintiff may include with his amended complaint exhibits that he believes are necessary to support his allegations. Additionally, Plaintiff's requests for a preliminary injunction are legally impermissible under Federal Rule of Civil Procedure 65, which forbids issuing a preliminary injunction without notice to Defendants. Fed. R. Civ. P. 65(a)(1). No Defendants have been served in this case. Moreover, his requests for a preliminary injunction include requests against third parties (e.g., American Express) that are not defendants in this case. The Court cannot enjoin the actions of non-parties. *See* Fed. R. Civ. P. 65(d)(2) (mandating that injunctions can only bind parties and those acting in active concert with the parties). The Court will therefore deny his motions for a preliminary injunction. The Court will also deny his request for appointment of a special master, which is not appropriate in this case. Next, because Plaintiff has been granted permission to proceed IFP, (Dkt. 21), his requests to stop incurring court fees are moot. Finally, regarding Plaintiff's Emergency Petition For Writ of Mandamus, (Dkt. 23), Plaintiff asks the Court to rule on Judge Lane's Report and Recommendation and on his other pending motions. Because this Order adopts Judge Lane's Report and Recommendation and rules on Plaintiff's other pending motions, this motion is moot as well.

3

Accordingly, the Court **ORDERS** that the report and recommendation of United States Magistrate Judge Mark Lane, (Dkt. 21), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff's motions, Emergency Motion To Correct The Record Nunc Pro Tunc, To Reinstate Docketed ADA Filings, And To Halt Unlawful Pacer Charges While IFP Is Pending, (Dkt. 18), Emergency Motion For Immediate Discovery, Preliminary Injunction, And Appointment Of Special Master, (Dkt. 19), Emergency Motion To Compel Agency Action Wrongfully Withheld, For Preliminary Injunction, And For Protective Order, (Dkt. 20), and Plaintiff's Emergency Petition for Writ of Mandamus, (Dkt. 23), are **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiff shall file an **amended complaint** on or before **January 14, 2026**. Failure to do so will result in dismissal of this case for failure to prosecute.

**SIGNED** on December 30, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE